IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONNIE TERRELL,            )
#Y12902,                   )
                           )
        Plaintiff,         )
                           )        Case No. 18−cv−1145−JPG
vs.                        )
                           )
DR. SCOTT,                 )
                           )
        Defendant.         )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This case was severed on May 22, 2018, from *Terrell v. Shah, et al.*, Case No. 18-cv-710-JPG-SCW (S.D. Ill.). (Doc. 1). It contains the claim designated as Count 3 in the original case, described as follows:

> **Count 3 –** Eighth Amendment deliberate indifference claim against Dr. Scott for failing to adequately treat Plaintiff's knee pain and for failing to diagnose the knee problem that had been found by a Cook County DOC doctor.

Plaintiff's claims, which pertain to his incarceration at Pinckneyville Correctional Center ("Pinckneyville") are now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28

1

U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff's factual allegations relating to Count 3 are summarized below.

While incarcerated at Pinckneyville, Plaintiff consulted Dr. Scott for pain in his right knee. Dr. Scott performed some simple exercises, prescribed medication for Plaintiff, and

referred him to a therapist. (Doc. 2-1, p. 2). Plaintiff believed that Dr. Scott should have performed a blood test and ordered a knee x-ray before sending him to therapy. Three months later, Plaintiff was still having "extreme bad pain" in the knee, and asked for an x-ray. (Doc. 2-1, p. 3). The x-ray results showed "no damage" to Plaintiff's knee. Plaintiff, however, claims that this diagnosis is incorrect, because while he was housed at the Cook County Department of Corrections, an x-ray performed there showed results "totally the opposite" of Pinckneyville. *Id*. Plaintiff concludes that these allegedly different results (which he does not further describe) demonstrate inadequate treatment on the part of Pinckneyville medical providers.

## Discussion

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

In the case at bar, the Complaint is devoid of allegations that would lead the Court to conclude Dr. Scott was deliberately indifferent. For example, Plaintiff does not make any allegations that Dr. Scott failed to treat him in a timely manner, delayed treatment, or failed to treat treatable pain. At the initial consultation, Dr. Scott performed simple exercises, prescribed medication for Plaintiff, and referred him to a therapist. When Plaintiff returned complaining of worsening pain, Dr. Scott referred Plaintiff for an x-ray, which did not reveal any damage.

Plaintiff contends that Dr. Scott's care was constitutionally deficient because Plaintiff believes Dr. Scott should have ordered x-rays during the initial consultation and/or because Dr. Scott reached a different conclusion than officials at Cook County. But, as is set forth more fully below, such claims do not amount to deliberate indifference.

The Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez*, 111 F.3d at 1374. *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Duckworth*, 532 F.3d at 681 (failure to rule out cancer immediately in light of persistent bloody urine may have been malpractice but was not deliberate indifference). Furthermore, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Considering this authority, Plaintiff's disagreement with Dr. Scott's course of treatment does not meet the requirements of deliberate indifference. Accordingly, Count 3, and the Complaint, Shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 4), which is **DENIED**

without prejudice to Plaintiff renewing the motion as the case proceeds. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Under 28 U.S.C. § 1915(e)(1), the district court has discretion to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

Plaintiff appears to have satisfied the first requirement. He discloses several unsuccessful efforts to contact attorneys via written correspondence. (Doc. 4, pp. 5-10). As to the second requirement, Plaintiff states that he is entitled to counsel because he is a layperson with a ninth-grade education. (Doc. 1, pp. 1-4). Plaintiff also claims he has difficulty with reading comprehension, and has attached his TABE[1] scores (showing a reading average of 6.9). *Id.* Despite these issues, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. The Complaint demonstrates an ability to construct coherent sentences and to draft a

---

[1] An inmate's TABE (Tests of Adult Basic Education) score reflects his or her "educational achievement level and [is] expressed in numbers reflecting grade level." *Nguyen v. Bartos*, No. 2:10–cv–1461 WBS KJN P, 2012 WL 3589797, at *2 n.1 (E.D. Cal. Aug. 20, 2012) (internal citations and quotation marks omitted).

pleading describing how Dr. Scott allegedly failed to provide Plaintiff with adequate medical care. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. Therefore, the recruitment of counsel is not warranted at this time. The Court will remain open to the appointment of counsel in the future.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint, which includes Count 3, is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 12, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (i.e. 18-cv-145-JPG).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1

(7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: June 14, 2018**

    s/ J. Phil Gilbert
    **J. PHIL GILBERT**
    **United States District Judge**