**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RONNIE TERRELL,** | ) | |
| **#Y12902,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 18−cv−1145−JPG** |
| **vs.** | ) | |
| | ) | |
| **DR. SCOTT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Ronnie Terrell is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). His original civil rights Complaint was filed as *Terrell v. Shah, et al.*, Case No. 18-cv-710-JPG-SCW (S.D. Ill.). After reviewing the original Complaint, the Court severed a number of Plaintiff's claims into separate actions. (Doc. 1). The instant case contains the claim designated as Count 3, an Eighth Amendment deliberate indifference claim pertaining to Dr. Scott's treatment of Plaintiff's knee pain.

On June 15, 2018, the Court screened Count 3 pursuant to 28 U.S.C. § 1915A. Count 3 did not survive preliminary review. (Doc. 7). Accordingly, the Complaint was dismissed without prejudice and with leave to amend. *Id.* Plaintiff's First Amended Complaint (Doc. 8) is now before the Court for preliminary review pursuant to § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## The Original Complaint

With respect to Count 3, the original Complaint alleged as follows.

While incarcerated at Pinckneyville, Plaintiff consulted Dr. Scott for pain in his right knee. (Doc. 2, p. 2). Dr. Scott performed some simple exercises, prescribed medication for Plaintiff, and referred him to a therapist. *Id.* Plaintiff believed that Dr. Scott should have performed a blood test and ordered a knee x-ray before sending him to therapy. *Id.* Three months later, Plaintiff was still having "extreme bad pain" in the knee, and asked for an x-ray. (Doc. 2, p. 3). The x-ray results showed "no damage" to Plaintiff's knee. *Id.* Plaintiff, however, claims that this diagnosis is incorrect, because while he was housed at the Cook County Department of Corrections, an x-ray performed there showed results "totally the opposite" of Pinckneyville. *Id*. Plaintiff concludes that these allegedly different results (which he does not further describe) demonstrate inadequate treatment on the part of Pinckneyville medical providers. *Id.*

## The First Amended Complaint

According to the First Amended Complaint, in 2014, when Plaintiff was incarcerated at the Cook County Department of Corrections, a knee x-ray revealed that Plaintiff had a small osteophyte and a small suprapatellar bursa effusion. (Doc. 8, p. 5). Subsequently, after Plaintiff arrived at Pinckneyville (he does not specify when), he complained to Dr. Scott about "the discomfort coming from [his] right knee." *Id.* Dr. Scott performed a few simple exercises and prescribed medication. *Id.* Plaintiff contends that Dr. Scott should have performed additional tests (an x-ray and blood testing). According to the Amended Complaint, additional testing

would have revealed that Plaintiff's pain was being caused by a small osteophyte and a small suprapatellar bursa effusion. *Id.* Plaintiff claims that, by failing to order additional testing, Dr. Scott was negligent and failed to use "the knowledge skill and care expected of [his] profession." *Id.*

## Discussion

As with the original Complaint, the First Amended Complaint is devoid of allegations that would lead the Court to conclude Dr. Scott was deliberately indifferent. Once again, Plaintiff does not claim that Dr. Scott failed to treat him in a timely manner, delayed treatment, failed to treat treatable pain, or persisted in a course of treatment known to be ineffective. Plaintiff simply alleges that he complained about knee pain, and in response, Dr. Scott performed exercises and prescribed medication. Those allegations do not, in any way, suggest deliberate indifference. Plaintiff faults Dr. Scott for not ordering additional testing and/or not reaching the same diagnosis as a previous medical official. But, failing to order x-rays and blood testing for a patient who presents with simple knee pain can hardly be described as deliberate indifference. *See Pierson v. Hartley,* 391 F.3d 898, 902 (7th Cir. 2004) (Deliberate indifference requires a showing that the defendant "actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.").

At most, Plaintiff's allegations suggest disagreement with Dr. Scott's chosen course of treatment and possibly negligence. But such disagreement does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112

F.3d 262, 267 (7th Cir. 1997). Similarly, negligence "does not violate the Constitution." *Pierson,* 391 F.3d at 902. *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). Nor is it enough to show that a defendant failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence doesn't state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Considering this authority, Plaintiff's allegations do not establish deliberate indifference. Accordingly, Count 3, and the Complaint, Shall be dismissed for failure to state a claim upon which relief may be granted.

## Leave to Amend

Because the First Amended Complaint is being dismissed, the Court must once again consider whether to allow Plaintiff to submit an amended complaint in an effort to state a viable claim. Leave to amend a complaint need not be granted when an amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994); *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile").

Under the facts of this case, the Court finds that amendment would be futile. Plaintiff's First Amended Complaint is, in essence, a less detailed version of his original Complaint which was dismissed for failure to state a claim upon which relief may be granted. Generally, an amended complaint that states the same facts using different language is considered to be futile. *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994). That reasoning applies to this case, and Plaintiff will not be given another opportunity to amend.

**Pending Motions**

Plaintiff has filed a second Motion for Recruitment of Counsel (Doc. 10), which is **DENIED**.[1] Plaintiff discloses several unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. (Doc. 10, pp. 5-10). With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has some high school education, and that he is a "lay person in court procedure." Despite these issues, the Court finds that the appointment of counsel is not warranted. Plaintiff's pleadings demonstrate an ability to construct coherent sentences, comply with deadlines, and relay information to the Court. Here, the First Amended Complaint is subject to dismissal not because of any demonstrated inability to plead claims, but because the alleged conduct simply does not amount to a constitutional violation. Accordingly, Plaintiff's Motion for Recruitment of Counsel (Doc. 10) is **DENIED.**

All other pending motions (Docs. 9 and 11) are **DENIED** as **MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 8), and this action, are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. SEE FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724,

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 27, 2018**

<u>**s/J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**United States District Judge**

6